UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SPENCER,

        Plaintiff,                Case Number: 06-12594

v.                                  HON. VICTORIA A. ROBERTS

CONDOLEEZA RICE,

        Defendant.
_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff William Spencer, a state inmate currently incarcerated at the Straits Correctional Facility in Kincheloe, Michigan, filed a *pro se* civil rights complaint. Plaintiff has filed a Motion to Proceed *In Forma Pauperis.* *See* 28 U.S.C. § 1915(a)(1). Plaintiff has filed more than three prior civil rights complaints which have been dismissed as frivolous. Therefore, the Court shall dismiss the pending complaint pursuant to 28 U.S.C. § 1915(g).

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court may dismiss a case if, on three or more previous occasions, a federal court has dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g) (1996). Plaintiff has filed four prior civil rights complaints which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Spencer v. Caruso*, No. 05-cv-70098 (E.D. Mich. March 30, 2005) (Duggan, J.); *Spencer v. Wiggins,* No. 04-cv-73483 (E.D. Mich. March 8, 2005) (Borman, J.); *Spencer v. United States Department of State*, No. 04-cv-557 (W.D. Mich. Sept. 8, 2004); *Spencer v. Granholm*, No. 04-cv-72 (W.D. Mich. June 3, 2004).

A plaintiff may maintain a civil action despite having had three or more civil actions dismissed as frivolous if the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[1] To establish that his complaint falls within the statutory exception to the three strikes rule, a prisoner must allege that he is under imminent danger at the time that he seeks to file his complaint and proceed *in forma pauperis*. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subject to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (past body cavity searches failed to establish imminent danger of serious physical injury); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999) (allegation of past physical injury is insufficient to meet statutory exception).

In the pending case, Plaintiff fails to allege that he is under imminent danger of future harm. Therefore, his complaint is subject to dismissal under the "three strikes" provision of 28 U.S.C. § 1915(g).

Accordingly, **IT IS ORDERED** that Plaintiff's complaint is **DISMISSED** pursuant to

---

[1] Section 1915(g) provides, in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this subsection if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

28 U.S.C. § 1915(g). Should Plaintiff wish to pursue the allegations contained in his complaint, he must submit payment of the $350.00 filing fee within 30 days. Upon receipt of the filing fee, the Court will re-open the case and review the complaint to determine whether it should be served or should be summarily dismissed under 28 U.S.C. § 1915A(b).

S/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: June 20, 2006

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 20, 2006.<br><br>S/Carol A. Pinegar<br>Deputy Clerk |